```
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

NICOLE M. MARSH,

                Plaintiff,              1:16-CV-00727(MAT)
        -v-                             DECISION AND ORDER

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

                Defendant.
_____
```

## INTRODUCTION

Nicole M. Marsh ("Plaintiff"), represented by counsel, brings this action under Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant"), denying her application for disability insurance benefits ("DIB"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is granted to the extent that the matter is remanded for further administrative proceedings and Defendant's motion is denied.

## PROCEDURAL BACKGROUND

On April 15, 2013, Plaintiff protectively filed for DIB, alleging disability beginning April 24, 2012 due to cervical disc disease and right shoulder injury. Administrative Transcript ("T.") 71. The claim was initially denied on June 14, 2013, and Plaintiff

timely requested a hearing. T. 8085. A hearing was conducted on September January 8, 2015, in Buffalo, New York by administrative law judge ("ALJ") Robert T. Harvey, with Plaintiff appearing with her attorney. T. 35-69. A vocational expert ("VE") also testified. *Id*.

The ALJ issued an unfavorable decision on February 24, 2015. T. 14-29. Plaintiff timely requested review of the ALJ's decision by the Appeals Council. The Appeals Council denied Plaintiff's request for review on July 14, 2016, making the ALJ's decision the final decision of the Commissioner. T. 1-3. Plaintiff then timely commenced this action.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment since her alleged onset date of April 24, 2012. T. 19.

At step two, the ALJ determined that Plaintiff had the "severe" impairments of: status post right shoulder arthroscopic rotator cuff repair, excision of glenoid labrum tear, and partial bursectomy; discogenic cervical spine; and bilateral tibial neuropathy. *Id*. The ALJ also considered Plaintiff's complaints of low back pain. T. 20. The ALJ determined that the record contained

no persuasive proof Plaintiff's claimed low back pain was a severe impairment. *Id*.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 20. The ALJ particularly considered Listings 1.02 and 1.04 in making this determination. *Id*.

Before proceeding to step four, the ALJ assessed Plaintiff as having the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) with the following additional limitations: should not lift more than five pounds; cannot work in areas with unprotected heights or around heavy, moving, or dangerous machinery; occupational limitations in bending, crawling, and reaching in all directions with the right upper extremity; occasional limitations in the ability to handle, and in pushing and pulling with the right upper extremity; cannot climb ropes, ladders, or scaffolds; and cannot work in areas where she would be exposed to cold. T. 20.

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. T. 27. At step five, the ALJ relied on the VE's testimony to find that, taking into account Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of small products

assembler, ticket taker, and table worker. T. 28. The ALJ accordingly found that Plaintiff had not been under a disability, as defined in the Act, since the alleged onset date. *Id.*

**SCOPE OF REVIEW**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff seeks remand of this matter, arguing the ALJ's decision is not supported by substantial evidence. Specifically, Plaintiff argues that: (1) the ALJ improperly ignored an October 2012 medical statement from Dr. Anthony Leone that included a function-by-function analysis of Plaintiff's limitations; and (2) the ALJ failed to provide any cogent credibility determination in his decision.

For the reasons discussed below, the Court agrees with Plaintiff that it was improper for the ALJ to omit Dr. Leone's medical statement from his analysis and that the ALJ further erred by failing to support his credibility determination. As such, the Court remands this matter for further administrative proceedings.

**I. Medical Statements from Dr. Anthony Leone**

**A. October 2, 2012 Statement**

On October 2, 2012, orthopedic surgeon Dr. Anthony Leone examined Plaintiff. T. 292-97. Dr. Leone reviewed Plaintiff's chart, including imagery of Plaintiff's cervical spine and right shoulder. *Id*. On examination, Plaintiff had a normal gait and normal strength and reflexes of her lower extremities. T. 295. Plaintiff had full flexion and extension of the cervical spine; forward flexion was 180 degrees, 120 degrees on the right. Abduction was 180 degrees on the left and 90 degrees on the right. Dr. Leone noted Plaintiff had about 70 degrees of external rotation

bilaterally. *Id*. Her internal rotation was decreased by 4-to-5 vertebal levels on the right compared to the left. *Id*. Dr. Leone diagnosed Plaintiff with cervical disc disease at C4-5, C5-6, and C6-7, right shoulder impingement syndrome, and rotator cuff tendonitis. T. 296. Dr. Leone noted Plaintiff had surgery on her right shoulder four months prior to the examination and that it was too early to comment on the ultimate effect of the surgery. *Id*.

Dr. Leone opined that based on the Workers' Compensation Board Guidelines, Plaintiff's shoulder limitations were causing a moderate, partial disability. T. 296. He opined Plaintiff would be able to do modified work that including no bending, twisting, or overhead activity; no lifting, pushing, pulling, or carrying of more than fifteen to twenty pounds; and no repetitive use of the right upper extremity. *Id*.

**B.   March 11, 2014 Statement**

Dr. Leone reexamined Plaintiff on March 11, 2014. T. 431-35. Dr. Leone reviewed Plaintiff's updated chart and noted Plaintiff was diagnosed with postoperative frozen shoulder in October 2013. T. 433 *referring to* T. 465-67. Plaintiff reported pain in both her neck and shoulder. T. 433. Plaintiff reported pain in her shoulder at night and that reaching up, back and to the side makes her pain worse. T. 434. Plaintiff also reported pain from lifting and carrying. *Id*. On examination, Plaintiff had essentially full flexion and extension of the cervical spine. She had about

90 degrees of forward flexion of the shoulder, 70 degrees of abduction, and moderate to marked loss of rotation bilaterally. *Id*.

Based on his examination and the review of Plaintiff's medical records, Dr. Leone noted he agreed with Plaintiff's neurologist, that surgery would not be beneficial or recommended for her neck pain. T. 434. He also noted that Plaintiff's neurologist did not feel Plaintiff's neck symptoms correlated with the MRI findings. *Id*. Dr. Leone agreed with Plaintiff's shoulder surgeon that Plaintiff had a moderate fifty percent partial disability for both her shoulder and cervical spine.[1] Dr. Leone opined Plaintiff had not reached her maximum medical improvement as far as the shoulder and neck were concerned and permanency was premature to comment on at that time. T. 434.

### C. Evaluation of Dr. Leone's Statements

In his decision, the ALJ made no mention of Dr. Leone's October 2, 2012 medical statement, but did assess the March 11, 2014 medical statement. T. 25. He noted that in the March 2014 statement, Dr. Leone said Plaintiff had ongoing symptoms and complaints of pain in the neck and shoulder, "but even [Plaintiff's] own doctor felt that her symptoms did not correlate with the MRI findings." *Id*. He further noted Dr. Leone stated surgery was not recommended. *Id*. The ALJ did not specify that the

---

[1] On December 13, 2013, Plaintiff's shoulder surgeon Dr. Joseph Bax opined Plaintiff was fifty percent disabled due to her shoulder impairments. T. 479.

statements regarding the MRI findings and surgery were pertaining only to Plaintiff's neck symptoms, not her shoulder symptoms. The ALJ made no mention of Dr. Leone's October 2012 medical statement in his decision. Following his analysis of the medical evidence, the ALJ made a blanket statement regarding weighing the medical opinions of record, stating that he had considered the opinions from various physicians indicating that Plaintiff was unable to work, but "no significant weight may be given to a treating or other medical source opinion that [Plaintiff] is disabled because this is an ultimate issue to be decided, which is reserved to the Commissioner." T. 26.

Plaintiff argues the ALJ failed to support his decision with substantial evidence by completely omitting Dr. Leone's October 2012 medical statement from his analysis. Specifically, Plaintiff contends omission of the October 2012 medical statement was error because, unlike the March 2014 statement, it contained specific functional limitations that directly contradict the RFC finding. In response, the Commissioner contends that: (1) Dr. Leone's March 2014 medical statement was cumulative, with nearly identical findings to the October 2012 statement; (2) the March 2014 statements supersedes his October 2012 statement; (3) the ALJ was under no obligation to discuss both statements; and (4)the omitted October 2012 statement was consistent with the RFC finding. For the reasons discussed below, the Court agrees with Plaintiff that the

ALJ committed error by omitting Dr. Leone's October 2012 statement from his assessment.

According to the Commissioner's regulations, when assessing medical evidence, an ALJ is obligated to evaluate every medical opinion he or she receives. 20 C.F.R. § 404.1527(c); *see also Gayden v. Colvin*, No. 15-CV-6668-FPG, 2016 WL 6573842, at *4 (W.D.N.Y. Nov. 7, 2016) ("The ALJ did not give controlling weight to a treating source's opinion and thus was required to evaluate every medical opinion that she received."). Moreover, an ALJ "may not ignore an entire line of evidence that is contrary to his findings." *Harris v. Colvin*, 149 F. Supp. 3d 435, 447 (W.D.N.Y. 2016) (internal quotation marks omitted). Here, by failing to address Dr. Leone's October 2012 medical statement in any way, the ALJ did just that, and therefore committed reversible error.

Moreover, and contrary to the Commissioner's contention, Dr. Leone's October 2012 functional assessment was inconsistent with the ALJ's RFC finding. In October 2012, Dr. Leone opined Plaintiff could do modified work that involved <u>no</u> bending, twisting, or overhead activity and <u>no</u> repetitive use of the right upper extremity. T. 296. By contrast, the ALJ determined in the RFC finding that Plaintiff could occasionally bend and reach in all directions with her right upper extremity, and occasionally push and pull with the right upper extremity. T. 20. These findings do not comport with Dr. Leone's October 2012 functional assessment, as

-9-

the Commissioner argues. Accordingly, the ALJ's failure to evaluate the October 2012 was not harmless. *See Parks v. Colvin*, No. 15-CV-6500-FPG, 2017 WL 279558 at *4 (W.D.N.Y. Jan 23, 2017) (ALJ's failure to evaluate medical opinions in decision that contradicted the ALJ's RFC determination was not harmless).

The Commissioner's argument that Dr. Leone's March 2014 statement supersedes his October 2012 statement also fails. A medical opinion does not become stale merely because it pre-dates additional evidence in the record. *See Camille v. Colvin*, 652 F. App'x 25, 28 n. 4, 2016 WL 3391243 (2d Cir. June 15, 2016) ("No case or regulation [cited] imposes an unqualified rule that the medical opinion is superseded by additional material in the record, and in this case the additional evidence does not raise doubts as to the reliability of Dr. Kamin's opinion."). Accordingly, the fact that the October 2012 statement predates the March 2014 statement does not mean the ALJ was free to ignore it in his analysis. Moreover, the ALJ did not point to any evidence in the record that would undermine the reliability of the October 2012 statement or otherwise suggest that it had been superseded by the March 2014 decision. "This Court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." *Blinkovitch v. Comm'r of Soc. Sec.*, No. 315CV1196GTSWBC, 2017 WL 782979, at *6 (N.D.N.Y. Jan. 23, 2017) (quotation omitted), *report*

*and recommendation adopted*, 2017 WL 782901 (N.D.N.Y. Feb. 28, 2017).

Finally, as Plaintiff argues, the October 2012 statement is in many regards the more useful of the two opinions because, unlike the March 2014 statement, it includes specific functional limitations. In contrast, the March 2014 statement merely opined that Plaintiff had a moderate fifty percent partial disability and had not yet reached her maximum medical improvement following her shoulder surgery. T. 434. Accordingly, the Court finds the two statements were separate and distinct and thus both should have been addressed by the ALJ in his decision. The ALJ's failure to do so warrants remand. *See Parks*, 2017 WL 279558 at *4 (remanding where the ALJ ignored medical opinions of record).

## II. Credibility Analysis

Plaintiff's second and final argument is that the ALJ's credibility analysis is unsupported by substantial evidence. In particular, Plaintiff contends that the ALJ failed to provide any cogent credibility determination in his decision. For the reasons set forth below, the Court agrees, and finds remand further warranted on this basis. Under the Commissioner's regulations in place at the time the ALJ issued his decision, the ALJ must include "specific reasons for the finding on credibility, supported by the evidence in the case record..." Social Security Ruling ("SSR") 96-7P, 1996 WL 374186, at *4; *see also Poles v. Colvin*,

No. 14-cv-06622(MAT), 2015 WL 6024400, at *5 (W.D.N.Y. Oct. 15, 2015) ("An ALJ who rejects subjective testimony must do so explicitly and with specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether his decision is supported by substantial evidence.") (internal quotation marks omitted).

In his decision, the ALJ found that "[t]he [Plaintiff's] testimony is credible, but not to the extent alleged." T. 27. Prior to making this determination, the ALJ noted portions of Plaintiff's testimony where she described her symptoms and limitations; however, he provided no direct comparison to examples in the record that would cause him to doubt her testimony. *See* T. 26-27. This was error.

While an ALJ's credibility assessment is entitled to deference, it must be supported by substantial evidence. *See Hargrave v. Colvin*, No. 12-CV-6308(MAT), 2014 WL 3572427, at *5 (W.D.N.Y. July 21, 2014) ("Because the ALJ has the benefit of directly observing a claimant's demeanor and other indicia of credibility, his decision to discredit subjective testimony is entitled to deference and may not be disturbed on review if his disability determination is supported by substantial evidence."). The Commissioner has set forth seven factors the ALJ is expected to consider in assessing credibility; however, the ALJ is not required to explicitly discuss each of the factors, so long as he or she

sets forth the reasoning for the credibility finding, and that finding is adequately supported by the evidence. *Whitehurst v. Berryhill*, No. 1:16-cv-01005-MAT, 2018 WL 3868721, at *4 (W.D.N.Y. Aug. 14, 2018).

The ALJ failed to provide any meaningful reasons in his decision for finding Plaintiff less than fully credible. His general citation to the evidence as a whole, without identifying any specific records or facts that supported his conclusion, was insufficient. Accordingly, the Court is unable to review the determination and make a finding on whether the reasons were legitimate. *See Poles,* 2015 WL 6024400, at *5. The Court therefore finds the ALJ's credibility determination is not supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Doc. 9) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Commissioner's opposing motion for judgement on the pleadings (Doc. 17) is denied. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED**.

                                  S/Michael A. Telesca
                                  _____
                                  HONORABLE MICHAEL A. TELESCA
                                  United States District Judge

Dated: November 9, 2018
      Rochester, New York